UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

       Plaintiff,                               Hon. Robert J. Jonker

v.                                             Case No. 1:20-CV-444

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on May 19, 2020, against the State of Michigan and the Michigan Governor, Gretchen Whitmer. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4) the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND

In his complaint, Plaintiff alleges that Defendants are committing "treason against . . . the United States Constitution." Specifically, Plaintiff alleges the following. The "virus that is being stated for this pandemic is a hoax to control and steal the assets from the residence (sic) of the country commonly known as the United States." Defendants are also "in cahoots with" the federal government "in making

1

the masses have to use a computer to access anything." Cell phone towers (i.e, the "5G system") are somehow involved in the creation and/or spread of "the virus."[1] Defendants are also "jamming circuits in [his] automobiles" and "blocking [his] communication on Facebook." Finally, the actions that Governor Whitmer has taken in response to the COVID-19 pandemic have been unconstitutional for which Plaintiff advocates that the Governor be hanged.

## ANALYSIS

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. This Court possesses the jurisdiction to resolve "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court also possesses jurisdiction to resolve civil claims between citizens of different states where the amount in dispute exceeds $75,000. 28 U.S.C. § 1332.

To properly invoke the Court's jurisdiction, however, Plaintiff must demonstrate that he has standing to assert the claims in question. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). To establish standing under the Constitution, Plaintiff must demonstrate: (1) that he has suffered an injury-in-fact which is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly

---

[1] This is an apparent reference to a conspiracy theory that posits that the COVID-19 virus is caused by and/or spread by new fifth generation (5G) cell phone towers. *See, e.g.,* The DHS Prepares for Attacks Fueled by 5G Conspiracy Theories, available at https://www.wired.com/story/the-dhs-prepares-for-attacks-fueled-by-5g-conspiracy-theories/ (last visited on May 29, 2020).

traceable to a defendant; and (3) the injury is likely to be redressed by the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A "generalized grievance shared in substantially equal measure by all or a large class of citizens" does not constitute a specific injury-in-fact sufficient to invoke this Court's jurisdiction. *Johnston v. Geise*, 88 F.Supp.3d 833, 840 (M.D. Tenn. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

The majority of Plaintiff's complaint constitutes a generalized grievance over which this Court lacks jurisdiction. Plaintiff is dissatisfied with certain governmental actions, but does not allege that he has suffered a distinct, cognizable injury therefrom. Instead, Plaintiff asserts that every American resident has suffered the same general injury.

Furthermore, to the extent certain isolated portions of Plaintiff's complaint are interpreted as asserting an injury-in-fact (e.g., the alleged "jamming" of his car circuits and the "blocking" of his attempts to use Facebook), Plaintiff's vague and conclusory allegations fail to state a claim on which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *see also, Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (the Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible").

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: May 29, 2020                             /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge